UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

=========================================

SIDDIK MOHAMMAD,

                          Plaintiff,

                                                    DECISION AND ORDER
            v.                                      02-CV-282A

MOHAMMED HILAL BIN TARRAF,
SHEIKH MAKTOUM BIN RASHID AL-MAKTOUM,
SHEIKH MOHAMMED BIN RASHID AL-MAKTOUM,
and HILAL BIN TARRAF,

                          Defendants.

=========================================


## INTRODUCTION

On April 12, 2002, plaintiff Siddik Mohammad, a Canadian resident[1], on

behalf of himself and his family, brought the instant action *pro se* against defendants

Mohammed Hilal Bin Tarraf, Sheikh Maktoum Bin Rashid Al-Maktoum ("Sheikh

Maktoum"), Sheikh Mohammed Bin Rashed Al-Maktoum ("Sheikh Mohammed") and

Hilal Bin Tarraf, as well as the United Arab Emirates ("UAE") Government alleging

various injuries under the Alien Tort Claims Act[2] ("ATCA"), 28 U.S.C. § 1350.[3]  Plaintiff

---

[1]      Although nowhere is it clearly stated, it appears that plaintiff is a citizen of
Pakistan.

[2]      This provision has also been referred to as the "Alien Tort Act," see, e.g., Kadic v.
Karadzic, 70 F.3d 232, 238 (2d Cir.1995), and the "Alien Tort Statute," see, e.g., Filartiga v.
Pena-Irala, 630 F.2d 876, 880 (2d Cir.1980).

[3]      Sheikh Maktoum and Sheikh Mohammad are high ranking officials of the UAE.
Sheikh Maktoum is the ruler of Dubai, one of the seven emirates comprising the UAE.  Sheikh
Mohammad is the UAE's Minister of Defense.  Plaintiff alleges that Mohammed Hilal Bin Tarraf
and Hilal Bin Tarraf (collectively "the Bin Tarraf defendants") are employees of the UAE.

claimed that the defendants caused him and his family to suffer false imprisonment, unlawful seizure of property, mental and physical torture and other assorted injuries. On May 9, 2002, United States District Judge John T. Elfvin *sua sponte* dismissed plaintiff's complaint with prejudice for lack of subject matter jurisdiction.  Plaintiff appealed.

On September 21, 2004, the Second Circuit Court of Appeals, pursuant to a summary order, affirmed in part and vacated in part Judge Elfin's dismissal.  The Second Circuit held that Judge Elfvin correctly dismissed: (1) plaintiff's claims raised on behalf of his children; (2) his claims against the UAE; and (3) his claims related to property seizure by the defendants.  The Second Circuit vacated, however, the dismissal of plaintiff's claims relating to physical torture, holding that such torture may be actionable under the ATCA and its companion Act, the Torture Victims Protection Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1991).  The Second Circuit remanded the case with instructions that plaintiff be permitted to amend his complaint.

On October 29, 2004, Judge Elfvin issued an Order requiring the plaintiff to file an amended complaint by November 30, 2004.  On November 1, 2004, plaintiff filed his amended complaint.

On January 3, 2005, plaintiff filed a request for an entry of default against the defendants.  On January 4, 2005, the Clerk of Court granted his request and filed an entry of default against all the defendants.  On January 7, 2005, Sheikh Maktoum and Sheikh Mohammed filed a motion to set aside the entry of default.  On January 11, 2005, plaintiff filed a motion for default judgment against all the defendants.  On January

14, 2005, the Bin Tarraf defendants filed a motion to set aside the entry of default.

Plaintiff subsequently filed several documents opposing the defendants' motions to set

aside the entry of default.  On June 27, 2005, plaintiff also filed an affidavit entitled

"Affidavit for Expediting the Process of Justice."


### DISCUSSION

1.      *Improper Service of Process under 28 U.S.C. § 1608*

Defendants argue that the Court should set aside the entry of default

because the plaintiff never obtained service over the defendants.  It is well established

that a default is void where service is invalid.  See, e.g., Transaero, Inc. v. La Fuerza

Aerea Boliviana, 162 F.3d 724, 731 (2d Cir. 1998) (holding default to be void where

court enforcing judgment had found service to be improper), cert. denied, 526 U.S.

1146 (1999); Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir.1985)

("A default judgment entered when there has been no proper service of the complaint

is, *a fortiori*, void, and should be set aside.") (citing Fed. R. Civ. P. 60(b)(4)); United

States v. Nuttall, 122 F.R.D. 163, 165-66 (D. Del.1988) (where service of process is

invalid, entry of default against improperly served defendant is void and must be set

aside).

Plaintiff asserts in the certificate of service he filed with the Court that he

served the defendants under 28 U.S.C. § 1608, a provision of the Foreign Sovereign

Immunities Act ("FSIA"), which provides for service of process on foreign states and

their political subdivisions, agencies and instrumentalities.  Under 28 U.S.C. § 1608(a),

service on a foreign state or political subdivision of a foreign state may be made in one

of four ways:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

> (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

> (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

> As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

Likewise, under 28 U.S.C. § 1608(b), service on an agency or

instrumentality of a foreign state is proper if made in one of several methods:

> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of

process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

Even assuming, without deciding, that section 1608 provides the applicable means of service here[4], the Court finds that none of the attempted methods of service by the plaintiff satisfies section 1608's requirements.

First, the plaintiff claims that he effectuated service by mailing the summons and amended complaint to the Ministry of Foreign Affairs of the UAE. Section 1608, however, does not permit such service. At most, sections 1608(a)(3) and 1608(b)(3)(B) provide for service by mail where the Clerk of Court mails a copy of the summons and complaint and a notice of suit, together with translations of each in the official language of the foreign state, by a method requiring a signed receipt, to the head

---

[4]       The Court notes that 28 U.S.C. § 1603(b) defines "agency or instrumentality" for purposes of section 1608 as including a "separate legal person" which is an organ or political subdivision of a foreign state.  Although some courts have held that this definition includes individuals acting in their official capacity, see, e.g., Chuidian v. Philippine Nat'l Bank, 912 F.2d 1095, 1099-1103 (9th Cir.1990), the FSIA is silent on the subject and neither the Supreme Court nor the Second Circuit has specifically addressed the issue.

of the Ministry of Foreign Affairs of the foreign state concerned.  Here, however, the

plaintiff, not the Clerk of Court, mailed the documents by a method not requiring a

signed receipt.  In addition, the plaintiff provided no translation of the documents into

Arabic, the official language of the UAE.  Thus, plaintiff's mailing of the non-translated

summons and complaint to the Ministry of Foreign Affairs for the UAE does not

constitute proper service.

       Second, the plaintiff asserts that he obtained service over the defendants

by faxing the documents to defendants' "official fax number."  However, even assuming

that the defendants all share a common "official" fax number," section 1608 does not

provide for service by fax.  Thus, this method of service also fails.

       Lastly, the plaintiff claims to have served defendant Sheikh Maktoum by

mailing a copy of the summons and complaint to the Gainsborough Farm located in

Versailles, Kentucky.  Defendants state on information and belief, that the

Gainsborough Farm is a thoroughbred horse breeding facility that is owned by Sheikh

Maktoum, but Sheikh Maktoum neither maintains a residence there nor has he visited

there in many years.  However, even if it were assumed that Gainsborough Farm was a

residence of Sheikh Maktoum, section 1608 would not permit a plaintiff personally to

serve a defendant by mail at a residence located in the United States.  The statute

permits service by mail only where the Clerk of Court mails the process documents,

together with translations, by a method requiring a signed receipt, to the Head of the

Ministry of Foreign Affairs of the foreign state concerned.  Thus, plaintiff's third method

of attempt at service fails as well.

2.      *Attempted Service not Valid under Any other Law*

Plaintiff's service of the defendants also did not comply with Rule 4 of the

Federal Rules of Civil Procedure.  Rule 4(f), which sets forth the methods of service

upon individuals in foreign countries, does not authorize service by faxing or mailing

documents without consent.  Rule 4(f) states:

> Unless otherwise provided by federal law, service upon an individual from
> whom a waiver has not been obtained and filed, other than an infant or an
> incompetent person, may be effected in a place not within any judicial
> district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give
> notice, such as those means authorized by the Hague Convention on the
> Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or the applicable
> international agreement allows other means of service, provided that
> service is reasonably calculated to give notice:
>
> (A) in the manner prescribed by the law of the foreign country for service
> in that country in an action in any of its courts of general jurisdiction; or
>
> (B) as directed by the foreign authority in response to a letter rogatory or
> letter of request; or
>
> (C) unless prohibited by the law of the foreign country, by
>
> (I) delivery to the individual personally of a copy of the summons and the
> complaint; or
>
> (ii) any form of mail requiring a signed receipt, to be addressed and
> dispatched by the clerk of the court to the party to be served; or
>
> (3) by other means not prohibited by international agreement as may be
> directed by the court.

Rule 4(f) does not allow plaintiff to effect service upon these defendants

by personally mailing or faxing them a copy of the summons and complaint.  The Rule

permits service by mail only where the Clerk of Court mails the process documents, by a method requiring a signed receipt.  Likewise, Article 3 of the New York Civil Practice Law and Rules does not provide for service by mail or fax under the facts and circumstances present here.  Cf. Perfumer's Workshop, Ltd. V. Roure Bertrand du Pont, Inc., 737 F. Supp. 785, 789 (S.D.N.Y. 1990).


3.    *Plaintiff's Request for Entry of Default was Premature*

                The entry of default in this case must also be set aside because plaintiff's request for entry of default was premature.  Under 28 U.S.C. § 1608(d), a party served under section 1608 has sixty days to respond to the complaint.  Plaintiff claims to have served the summons and complaint by mail on November 3, 2004, in accordance with section 1608.  His request for entry of default was filed on January 3, 2005.  28 U.S.C. § 1608(c) provides that service will be deemed to have been made "as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable . . .."  Here, there was no proof of receipt included in plaintiff's application.  As a consequence, the sixty days allowed for defendants to respond has still not started to run.  In any event, given that section 1608(d) provides defendants with sixty days to respond to the complaint and Rule 6(e) of the Federal Rules of Civil Procedure adds three days to that period because attempted service was by mail, the defendants time to respond had not run when the request to enter default was filed on January 3, 2005.

4.     *Plaintiff is not Entitled to Default Judgment*

Even if the entry of default against the defendants were allowed to stand, the plaintiff would still not be entitled to default judgment.  28 U.S.C. § 1608(e) provides that "[n]o judgment of default shall be entered by a court of the United States . . . against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."  "Congress intended section 1608(e) to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default."  Compania Interamericana Export-Import S.A. v. Companie Dominicana DeAviacion, 88 F.3d 948, 950-51 (11th Cir. 1996).  Here, plaintiff has not established his claim or right to relief by evidence satisfactory to the Court.  Although plaintiff's papers contain a smattering of general allegations that the defendants committed physical and mental torture against him, he has made no specific factual allegations nor presented any evidence regarding when, where or how any alleged torture took place.  In fact, plaintiff's main complaint seems to be that the defendants deprived him of his property, which at least on its face, would not appear to constitute "torture" within the meaning of the TVPA.  Thus, plaintiff is not entitled to a default judgment.

## CONCLUSION

For the reasons stated, the Court grants defendants' motions to vacate the Clerk's entry of default and denies plaintiff's motion for default judgment.  Plaintiff is advised that this case cannot move forward until he effectuates proper service of the

amended complaint upon the defendants.

IT IS SO ORDERED.

/s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 26    , 2005